IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARDON J. BLACK, | ) | CASE NO. 1:17CV1751 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Chardon Black ("Petitioner" or "Black") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Now released,[1] Black had been detained at the Lake Erie Correctional Institution, having pleaded guilty to one count of felonious assault and one count of domestic violence in the Cuyahoga County, Ohio, Court of Common Pleas. *State v. Black*, Case No. CR-13-575488-A (Cuyahoga Cty. Common Pleas Ct., filed May 14, 2014). At sentencing, the trial court sentenced Black to 4 years for felonious assault and 10 months for domestic violence, for an aggregate prison sentence of 4 years and 10 months. Doc. 14-1, p. 27.

On August 15, 2017, Black filed his Petition for Writ of Habeas Corpus setting forth eight grounds for relief. Doc. 1, pp. 3-8. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, Black withdrew Grounds 1-6 and those should be dismissed, Ground 7 fails on the merits and Ground 8 is not cognizable. Thus, the undersigned recommends that Black's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED in part** and **DENIED in part**.[2]

---

[1] Black was sentenced to three years mandatory post-release control; therefore, his cause is not moot even though he has been released from prison. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lawrence v. 48th Dist. Ct.*, 560 F.3d 475, 479 (6th Cir. 2009).

[2] The ground in the petition that is not cognizable results in a dismissal; the ground in the petition that is addressed on the merits results in a denial.

1

# I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

## A. State Court Action

### 1. Underlying Facts

The following brief summary of underlying facts is taken from the opinion of the Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio:

> {¶ 28} [On June 12, 2013], When Black and [his then-girlfriend] Parish were inside the house in Parish's bedroom, Black hit Parish and punched her in the head, committing the first offense. There was then a break in the violence as Parish escaped from Black's beating and climbed out a second story window onto the roof. Once Black discovered that Parish had escaped out the window, he followed her, regained control over her, and then committed the second offense, pushing Parish off the roof. As a result of Black's actions, Parish's back, left pelvis, wrist and right eye socket were fractured. Although there is nothing in the record that indicates specifically what injuries resulted from what conduct, the PSI reflects that "[t]hroughout the bedroom and hall leading to the bedroom there was blood stains and the entire area was upset," strongly suggesting that Parish had sustained substantial, separate and distinct injuries—likely including the broken eye socket—before Black pushed her off the roof. Furthermore, Parish's broken back and pelvis could have only resulted from Parish being pushed off the roof, not from Black hitting her in the head.

*State v. Black*, 58 N.E.3d 561, 572 (Ohio Ct. App. 2016).

### 2. Procedural History

On June 21, 2013, a Cuyahoga County Grand Jury issued an indictment charging Black with one count of Attempted Murder, R.C. 2923.02/2903.02(A); one count of Felonious Assault, R.C. 2903.11(A)(1); one count of Domestic Violence, R.C. 2919.25(B); and one count of Kidnapping, R.C. 2905.01(A)(3). Doc. 14-1, pp. 7-8. Black, through counsel, pleaded not guilty. Doc. 14-1, p. 9.

On September 5, 2013, Black's appointed counsel moved to withdraw his representation and to appoint new trial counsel for Black. Doc. 14-1, pp. 10-11. The trial court granted the motion and appointed Black new counsel. Doc. 14-1, p. 12.

While being represented by counsel, Black filed a number of pro se motions, including a Motion to Deny Consent to any Continuances and a Motion to Dismiss for Lack of Speedy Trial. Doc. 14-1, pp. 13, 17. During a pretrial hearing, the trial court explained to Black in detail the Ohio speedy trial statute and how the time is tolled (including that it was tolled whenever Black filed motions), Doc. 14-2, pp. 5-7, and the court denied Black's pro se motion to dismiss, p. 6. The trial court ordered a psychiatric examination of Black for the purpose of determining whether he was competent to stand trial and his sanity at the time of the offense. Doc. 14-1, p. 22. At a pretrial held on November 26, 2013, the parties stipulated to the psychiatric report and the case was set for trial. Doc. 14-1, p. 23.

On December 27, 2013, Black, pro se, moved again to dismiss on speedy trial grounds. Doc. 14-1, p. 24. On January 15, 2014, the trial court assigned Black new counsel, after learning that Black had filed complaints against his current counsel and all his prior appointed attorneys with the bar association, and continued the trial at new counsel's request. Doc. 14-1, p. 25.

On May 14, 2014, Black changed his pleas; per a plea agreement, he pleaded guilty to felonious assault and domestic violence and the remaining two offenses were nolled. Doc. 14-1, p. 26. On June 9, 2014, the trial court sentenced Black, per the plea agreement, to four years and ten months in prison. Doc. 14-1, p. 27. On October 26, 2015, the trial court filed a corrected judgment entry. Doc. 1-2, p. 1.

**B. Direct Appeal**

On February 6, 2015, Black, pro se, filed a notice of appeal and a motion for leave to file a delayed appeal. Doc. 14-1, pp. 29, 36. The Ohio Court of Appeals granted him leave to file a

delayed appeal and appointed him new counsel. Doc. 14-1, p. 65. In his brief, Black, through counsel, raised the following assignments of error:

> 1. Black's convictions for felonious assault and domestic violence should have been merged into a single conviction on only one of those allied offenses of similar import. The trial court's failure to merge in these circumstances violated Ohio merger law and Black's rights to due process and against being subjected to double jeopardy.
>
> 2. The sentence of four years and ten months imposed by the trial court on Black is not authorized by law because it includes consecutive sentences for two offenses subject to merger under governing law. A prison sentence of four years is the maximum permissible sentence in these circumstances.

Doc. 14-1, p. 48. The Ohio Court of Appeals ordered Black to file an amended notice of appeal to reflect the actual order to be appealed, his June 9, 2015, judgment and sentencing entry. Doc. 14-1, p. 74. Additionally, the court, *sua sponte*, remanded the case to the trial court with directions to bring Black's sentencing entry into conformity with *State v. Dumas*, 2011-Ohio-2926, and *State v. Lester*, 958 N.E.2d 142, paragraph 1 of the syllabus. Doc. 14-1, p. 75. In September 2015, Black, through counsel, filed an amended notice of appeal in compliance with the court's order. Doc. 14-1, p. 77.

Black, pro se, filed a Motion to Dismiss Appeal for Lack of Subject-Matter Jurisdiction/ Non-Final Appealable Judgment in the Ohio Court of Appeals. Doc. 14-1, p. 84. The Ohio Court of Appeals denied his motion because he was represented by counsel. Doc. 14-1, p. 85.

The trial court issued its corrected judgment entry on October 26, 2015. Doc. 14-1, pp. 88-89. Black, through counsel, filed a Second Amended Notice of Appeal, appealing the corrected judgment entry. Doc. 14-1, p. 86.

On January 6, 2016, Black, pro se, filed a Motion for Leave to file Supplemental Brief/ and Supplemental Brief with the Ohio Court of Appeals. Doc. 14-1, p. 90. In his Supplemental Brief, he offered the following additional assignments of error:

> 1. The Appellant's guilty plea is not voluntary, knowing, or intelligent, where the trial court led him to believe the two sentences would merge for sentencing, and where the trial court threatened Appellant with conviction on non-cognizable crime of Attempted Murder, which makes his guilty plea a violation of Boykin v. Alabama, 395 U. S. 238.
>
> 2. Appellant has been denied his statutory and constitutional speedy trial rights guaranteed via R.C. 2945.71 et seq., an Ohio Const., Art., I §§10, 16, and United States Const., Amends. 6th, 14th.
>
> 3. Trial counsel provided ineffective assistance of counsel by stipulating to no merger of sentences violating Strickland v. Washington, 466 U. S. 668.

Doc. 14-1, pp. 93-95. The Ohio Court of Appeals denied Black's motion to file his pro se supplemental brief as moot. Doc. 14-1, p. 96. On February 4, 2016, the state Court of Appeals affirmed the judgment of the trial court. Doc. 14-1, pp. 97-121.

On February 29, 2016, Black, pro se, filed a notice of appeal in the Ohio Supreme Court. Doc. 14-1, p. 583. In his memorandum in support of jurisdiction, he raised two propositions of law:

> 1. Black's Convictions for felonious assault and domestic violence should have been merged into a single conviction on only one of those allied offenses of similar import. The trial court's failure to merge in these circumstances violated Ohio merger law and [B]lack's rights to due process and against being subjected to double jeopardy.
>
> 2. The sentence of four years and ten months imposed by the trial court on [B]lack is not authorized by law because it includes consecutive sentences for two offenses subject to merger under governing law. A prison sentence of four years is the Maximum sentence in these circumstances.

Doc. 14-1, p. 586. On May 4, 2016, the Supreme Court of Ohio declined to accept jurisdiction. Doc. 14-1, p. 625.

### C. Post-Conviction Motions

Black, pro se, filed various post-conviction motions in the trial court while his direct appeal was pending. Specifically, on November 4, 2015, he filed a Motion to Withdraw his Guilty Plea and Motion to Dismiss Indictment for Lack of Speedy Trial via R.C. §2945.71 et seq. Doc. 14-1, p. 122. On February 19, 2016, he filed a Petition for Post-Conviction Relief via R.C.

5

§2953.21, alleging (1) ineffective assistance of trial counsel during his guilty plea per *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); (2) trial counsel "mis-le[]d him to believe he'd receive judicial release due to him being a personal friend" of the trial court judge; (3) trial counsel did not investigate the facts of his case or any of the facts that would have provided a valid defense; (4) Black's guilty plea was not voluntary, knowing or intelligent in violation of *Brady v. U. S.*, 397 U. S. 742, 750 (1970) and he was afraid to tell the trial court of counsel's misconduct because he did not want to upset the court; and (5) he was denied the fundamental right to counsel through the actions and inactions of trial counsel per *Powell v. Alabama*, 287 U. S. 45 (1932). Doc. 14-1, pp. 128-129. The trial court has not ruled on Black's motion to withdraw guilty plea or his petition.

On February 24, 2016, Black filed a Motion to Vacate Voidable Judgment for Fraud and Collusion. Doc. 14-1, p. 139. He filed an addendum to his motion on June 9, 2016, to include a signed copy of the sentencing transcript. Doc. 14-1, 158. The trial court denied Black's motion on June 20, 2016. Doc. 14-1, p. 243.

On July 8, 2016, Black filed another Motion to Vacate Judgment Entered on 10-26-15 Based on Fraud.[3] Doc. 14-1, p. 244. On July 25, 2016, the trial court denied Black's motion. Doc. 14-1, p. 336. On August 11, 2016, Black appealed this decision, alleging the following assignment of error:

> The Appellant's judgment being void on its face for fraud, may be attacked at anytime, and res judicata not applicable, his imprisonment on such judgment violates his United States Const., Amends., 5th, 6th, 14th, and Ohio Const., Art., I §§1, 2, 10, 16 because Appellant's imprisonment is without judgment or sentence.

Doc. 14-1, pp. 337, 347. Black filed a Notice of Judicial Facts. Doc. 14-1, p. 364. On March 9, 2017, the Ohio Court of Appeals affirmed the decision of the trial court. Doc. 14-1, pp. 374-380.

---

[3] Black includes a copy of this motion with his Petition, and asks the District Court to consider it. Doc. 9. A copy of this motion is also found in the state court record filed by Respondent, Doc. 14-1, pp. 244-249.

On April 6, 2017, Black filed a Notice of Appeal with the Ohio Supreme Court (Doc. 14-1, p. 381), raising the following proposition of law:

> The Appellant's judgment being void on its face for fraud, may be attacked at anytime, and res judicata not applicable, his imprisonment on such judgment violates his United States Const., Amends., 5th, 6th, 14th, and Ohio Const., Art., I §§1, 2, 10, 16 because Appellant's imprisonment is without judgment or sentence.

Doc. 14-1, p. 384. On July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction of his appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). Doc. 14-1, p. 400.

### D. Application for Reopening pursuant to Ohio App. Rule 26(B)

On April 27, 2016, Black, pro se, filed an Application for Reopening his appeal pursuant to Ohio App. R. 26(B). Doc. 14-1, p. 401. He alleged that appellate counsel was ineffective for not raising the following assignments of error on direct appeal:

> 1. Lawyer did not use the Ohio Castle Doctrine in my defense with the vict[i]m initiating events.
>
> 2. Lawyer agreed to merger not defendant, this was never discussed in proceedings only implied by Judge numerous times to be ran concurrent.
>
> 3. Lawyer did not ask trial court for expert assistance with toxicol[]ogy report with victim mixing street drugs, alcohol and prescription drugs causing manic episodes.
>
> 4. Lawyer promised a judicial release for me if I plead guilty, saying he had a personal relationship in handling this case for the Judge and he would file it. This was why my sentence was structed [sic] with a sentence less than 5 years.
>
> 5. Appellate counsel did not raise the fact that my sentence was to be ran concurrent.
>
> 6. Appellate counsel ineffective for stating I had a prior D. V. which was not true.
>
> 7. D. V. was the only charge I could have received because the Ohio General Assembly recognized the special nature of D. V. when it drafted the D. V. statute R. C. §2919.23 states HOUSEHOLD MEMBER (F)(1)(a) Household member means [] Person residing or resided with offender living as a spouse. Right?
>
> 8. I received two different charge[s] with two different mind states knowinGLY & RECKLESSLY which should be double jeopardy right?, for the lack of physical harm on 1 person at the same time.

> 9. Lawyer told defendant battering womans syndrome prevented her prior history of D. V. DISPUTES, and old cases from being presented at trial.
>
> 10. Actual innocence of Appellant is shown by alleged vict[i]m admitting to attacking defendant, can be heard via conversation on Feb. 6, 2016. This is proof the victim induced and facilitated the altercation I'm here for.
>
> 11. I was not at sentencing on 10-26-2015 as requested in Motion to be presented at all proceedings I filed in the Common Pleas Court see trial court docket sheet, my appellate counsel was ineffective for not raising this issue.
>
> 12. D. V. and felonious assault are allied offenses requiring Merger.
>
> 13. Rule of lenity requires Defendant to be given the lessor of the offenses.
>
> 14. Threatened with Attempted Murder a non-cognizable crime to coerce my plea.
>
> 15. Defendants plea was not knowing, and unintelligent made due to initial journal entry being void, by not containing review by common pleas court of the Mandatory statutes R.C. §2929.11, 2929.12.
>
> 16. Judge did not satisfy statutory requirements on 10-26-2016 journal entry, compare with the sentencing transcript, which shows someone committed <u>FRAUD ON THE COMMON PLEAS COURT BY ADDING LANGUAGE TO THE JOURNAL ENTRY AS REQUIRED BY LAWS R.C. § 2929.11; R. C. 2929.12, and appellate counsel is ineffective for not raising this issue, as ASSIGNMENT OF ERROR, redress requested</u>.

Doc. 14-1, pp. 402-403. On December 9, 2016, Black filed a Notice of Judicial Facts. Doc. 14-1, pp. 418-419. On March 7, 2017, the Ohio Court of Appeals denied Black's Application for Reopening. Doc. 14-1, pp. 428-437.

On March 30, 2017, Black filed a Notice of Appeal with the Ohio Supreme Court. Doc. 14-1, p. 438. In his memorandum in support of jurisdiction, he raised the following proposition of law:

> The Appellant's appellate counsel rendered ineffective assistance of counsel where as here the appellate counsel failed to raise the 16 errors listed below which denied Appellant his day in court because the appellate court used the wrong standard of law for App. R. 26(B), and because of both acts supra this Appellant has been denied his 6th Amendment right to effective assistance of appellate counsel.

8

Doc. 14-1, p. 441. On May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R. 7.08(B)(4). Doc. 14-1, p. 459.

### E. Writ of Mandamus

On August 16, 2016, Black, pro se, filed an "Original Actions in Mandamus and Prohibition or Alternative Writ" with the Ohio Supreme Court. Doc. 14-1, p. 460. He alleged that "some unknown person in the Common Pleas Court ADDED WORDS TO HIS JOURNAL ENTRY OF CONVICTION, NOT SUPPORTED BY THE CERTIFIED SENTENCING TRANSCRIPT ATTACHED HERETO." Doc. 14-1, p. 462. The state filed a motion to dismiss, which the Ohio Supreme Court granted. Doc. 14-1, pp. 568, 582.

### F. Federal Habeas Petition

On August 18, 2017, Black, pro se, filed his Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following grounds for relief:

> **Ground One**: Chardon J. Black's guilty plea must be ruled as not voluntary, knowing or intelligent via Boykin v. Alabama, 395 U. S. 238.
>
> **Ground Two**: Petitioner has been denied his constitutional and statutory speedy trial rights without remedy via 5th, 6th, 14th Amendments.
>
> **Ground Three**: Black's trial counsel was ineffective assistance of counsel where counsel waived Black's right to the merger of sentence the Judge informed him he was entitled to have his sentences merg[]ed and a hearing to determine which sentence the State would proceed on via R.C. § 2941.25.
>
> **Ground Four:** Petitioner's conviction should have merged into a single sentence, state court denied him due process and violated his right to be free of double jeopardy.
>
> **Ground Five:** The Petitioner's sentence of 4 years 10 months violate his fundamental rights to be free from double jeopardy guaranteed via the Fifth and Fourteenth Amendments.
>
> **Ground Six:** Appellate counsel provided ineffective assistance of counsel by not raising the ineffective assistance of trial counsel on direct appeal.
>
> **Ground Seven:** The Petitioner Black's judgment entry is void where that judgment has been tampered with by addition of words that the trial judge did not pro[no]unce as

9

established by the plea & sentencing transcript therefore Petitioner's conviction must be considered void since the judgment entry was obtained by fraud and perjury Mr. Black's conviction should not be allowed to stand via Mooney v. Holohan, 294 U. S. 103, 112; Giglio v. United States, 405 U. S. 150 as held by the United States Supreme Court.

**Ground Eight:** Petitioner Chardon J. Black has been denied his fundamental right to be heard in the courts of law w[h]ere the state court has not ruled on pending petition for postconviction and several collateral attack motions that have been pending in court for over 2 years such a state procedure violates Black's 5th, 14th, Amendment Rights to Equal Protection under the law and the Due Process of law federal redress requested De Novo.

Doc. 1, pp. 3-8. Respondent filed a Return of Writ (Doc. 14) and Black filed a Traverse (Doc. 15).

## II. Standard of Review under AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

**Exhaustion.** A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v.*

*Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural Default.** Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court

11

declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**Merits Review.** In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). *Id*.

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529

12

U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principals and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### III. Claim Analysis

**A. Grounds 1-6 are withdrawn**

13

In his Traverse, Black states that he withdraws Grounds 1-6 because they distracted from his remaining, meritorious grounds. Doc. 15, p. 3. Accordingly, the undersigned recommends that Grounds 1-6 be dismissed.

**B. Ground 7 fails on the merits**

In Ground 7, Black argues that his judgment entry is void because it was tampered with when some unknown person added language to it, language that the trial court did not pronounce at sentencing. Doc. 1, p. 7; Doc. 15, p. 5. He also complains that Respondent did not include the journal entry at issue when she filed the state court record. Doc. 14, p. 6.

The journal entry at issue is the trial court's corrected judgment entry dated October 26, 2015. Black includes an apparent copy of this document with his Petition. Doc. 1-2. And, although the entry is not identified as an exhibit in the state court record filed by Respondent, the entry does appear in the state court record filed by Respondent, as an attachment to Black's Application for Writ filed with the Ohio Supreme Court. See Doc. 14-1, pp. 469-470.

By way of background, the undersigned reproduces the following procedural narrative set forth by the Ohio Court of Appeals on direct appeal:

> {¶ 3} On May 14, 2014, the state and Black reached a plea agreement. Under the terms of the plea agreement, Black agreed to plead guilty to the felonious assault and domestic violence counts. In exchange, he was to receive an agreed aggregate prison sentence of four years and ten months on those counts and the remaining counts would be dismissed. At the plea hearing, defense counsel confirmed that this was the agreement. Prior to entering his guilty pleas, Black indicated that he understood the offenses to which he would be pleading guilty and the sentences he would receive under the agreement. Black further acknowledged that he understood that the trial court had agreed to "honor" the "agreed-upon sentence." Following a thorough plea colloquy, the trial court accepted Black's guilty pleas to the felonious assault and domestic violence counts and the remaining counts were nolled.
>
> {¶ 4} At the sentencing hearing, the trial court imposed the agreed four-year, ten-month aggregate prison sentence along with three years of mandatory postrelease control. When imposing this sentence, the trial court confirmed that the parties had agreed, as part of the plea agreement, that the felonious assault and domestic violence convictions would not

14

merge for sentencing and that, based on the way the agreed sentence had been structured, consecutive sentences were to be imposed:

> THE COURT: * * * At this time, I'll sanction the defendant to the Lorain Correctional Institution for a total of four years and ten months.
>
> [Defense counsel], we agreed that count two and three would not merge for the purpose of sentencing, is that correct?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE COURT: Very well.
>
> Count two, the felonious assault, the defendant will serve four years; and count three, the domestic violence, a felony of the fourth degree, the defendant will serve ten months consecutively to the base count for a total of four years and ten months.
>
> To make the finding for the consecutive sentence, I find that the harm that was caused to the victim in this case, and of course the nature of the crafted sentence itself, called for a consecutive sentence; meaning that this is, for the record, an agreed sentence and the way that it was structured was that it would be consecutive, is that correct, [defense counsel]?
>
> [DEFENSE COUNSEL]: Yes, ma'am.
>
> THE COURT: [Assistant prosecutor]?
>
> [ASSISTANT PROSECUTOR]: Yes, your Honor.

{¶ 5} With respect to the imposition of consecutive sentences, the trial court further found that consecutive sentences were necessary to "protect the public" and "punish the defendant" and that the "nature of the harm caused to the victim in this case would, again call for a consecutive sentence." On June 9, 2014, the trial court issued a sentencing journal entry imposing a prison sentence of four years and ten months, indicating that "[t]his is an agreed to sentence."

{¶ 6} On February 12, 2015, Black was granted leave to file a delayed appeal. This court thereafter determined, sua sponte, that the trial court's June 9, 2014 judgment was not a final, appealable order because it set forth a "blanket agreed sentence of 4 years, 10 months" rather than separate sentences on each of the counts of which Black had been convicted. This court, therefore, remanded the case for the trial court to "clarify or correct the record pursuant to App.R. 9(E) and issue an order conforming with *State v. Dumas*, 8th Dist. [Cuyahoga] No. 95760, 2011-Ohio-2926 [2011 WL 2436601], and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus." On October 26, 2015, the trial court issued a corrected journal entry, sentencing Black to four years on Count 2 and ten months on Court 3.[]

15

{¶ 7} On November 24, 2015, Black filed an amended notice of appeal, appealing the trial court's June 9, 2014 judgment as corrected by the trial court's October 26, 2015 journal entry.

*State v. Black*, 58 N.E.3d 561, 563-564 (Oh. Ct. App. 2016).

The trial court's judgment entry dated October 26, 2015, that Black claims is fraudulent because "someone or several persons" added language to it, was not tampered with. The trial court issued the corrected judgment entry per the Ohio Court of Appeals' directive, as explained above. See also Doc. 14-1, p. 75 (Ohio Court of Appeals' Order).

Black's claim that the October 26, 2015, judgment entry contained consecutive sentence language that was not spoken by the trial court during sentencing (Doc. 15, pp. 2-8) fails because it is belied by the record. Black reached a plea agreement with the state that included an agreed upon sentence. Doc. 1-1 (June 9, 2014, judgment entry); Doc. 1-2 (October 25, 2015, judgment entry). Per the agreement, Black pleaded guilty to one count of felonious assault and one count of domestic violence and agreed to serve 4 years and 10 months in prison. Id. At sentencing, the trial court, the state, and defense counsel agreed that the two counts would not merge for the purpose of sentencing, i.e., they were not allied offenses. Doc. 14-2, p. 76 (sentencing transcript).[4] The trial court then sentenced Black to 4 years for felonious assault and 10 months for domestic violence, to be served consecutively, and stated that consecutive sentences were warranted due to the harm to the victim, to protect the public, to punish the defendant, and because the parties had agreed to consecutive sentences. Doc. 14-2, p. 76-77. In other words, the trial court, at sentencing, stated on the record that the two offenses that Black agreed to plead guilty to did not merge, pronounced his sentence (4 years, 10 months), and the sentence was set forth in the June 2014 and October 2015 judgment entries.

---

[4] Black includes a copy of the transcript with his Petition, and asks the District Court to consider it. Doc. 9. A copy of the transcript is also found in the state court record filed by Respondent, at Doc. 14-2.

In support of his claim that the October 2015 judgment entry is void, Black relies on *Hill v. United States ex rel Wampler*, 298 U.S. 460 (1936). In *Wampler*, the Supreme Court held that a trial court's judgment entry was void because, after the trial court orally pronounced the petitioner's 18-month sentence and a fine, the clerk of courts added language in the judgment entry directing that the petitioner was to remain in jail until he paid his fines, even after he finished serving his 18-month sentence. *Id*. at 461-462, 465. In other words, the judgment entry added time to the petitioner's sentence. Here, by contrast, Black was sentenced to 4 years, 10 months in prison at his sentencing hearing and both the June 2014 entry and the October 2015 corrected entry accurately reflected that sentence. The additional language in the October 2015 entry only clarified that the 4 years was for felonious assault and the 10 months was for domestic violence, as the trial court stated at sentencing (Doc. 14-2, p. 76). It did not add time to Black's sentence.

Ground 7 fails on the merits.

**B. Ground 8 is not cognizable**

In Ground 8, Black argues that his due process and equal protection rights have been violated because the trial court has not ruled on three collateral motions he had filed. Doc. 15, p. 10. His three motions include (1) a motion for sentencing, requesting the trial court resentence him because he alleges that the June 2014 judgment entry contained "no sentence" (Doc. 15-2, p. 1); (2) a motion to withdraw guilty plea and dismiss indictment for lack of speedy trial (Doc. 14-1, p. 122); and (3) his state post-conviction petition alleging ineffective assistance of trial counsel (Doc. 14-1, p. 128). Doc. 15, p. 11.

Ground 8 is not cognizable because federal habeas corpus is not the proper vehicle to challenge errors or deficiencies in state post-conviction proceedings. *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2000); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

17

## IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Grounds 1-6 of Black's habeas Petition be **DISMISSED** as withdrawn, Ground 8 be **DISMISSED** because it is not cognizable, and Ground 7 be **DENIED** because it fails on the merits.

Dated: May 24, 2018

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).